Skip to Main Content Logout My Account Search Menu Search Civil, Family, Probate and Tax Court Case Records Refine Search  Back                                       Location : All Locations   Images Help

# REGISTER OF ACTIONS
## CASE NO. 24CV09906

| | | | |
|---|---|---|---|
| **Mobilitas, Mobilitas vs City of Portland** | §<br>§<br>§<br>§<br>§ | Case Type:<br>Date Filed:<br>Location: | **Tort - General**<br>**02/27/2024**<br>**Multnomah** |

---

### PARTY INFORMATION

|  |  | **Attorneys** |
|---|---|---|
| **Defendant** | City of Portland | |
| | | |
| **Plaintiff** | Mobilitas  *On Behalf Of*  Manouki,, Anderanik | **Christina Anh Ho**<br>*Retained*<br>503 503-9909(W) |
| | | |
| **Plaintiff** | Mobilitas  *On Behalf Of*  Cortez, Daniel | **Christina Anh Ho**<br>*Retained*<br>503 503-9909(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 02/27/2024 | **Complaint**<br>*Negligence; Not Subject to Mandatory Arbitration*<br>Created: 02/27/2024 9:49 AM |
| 02/27/2024 | **Service**<br>   City of Portland       Served       03/28/2024<br>                              Returned    04/03/2024<br>Created: 02/27/2024 9:49 AM |
| 02/27/2024 | **Summons**<br>Created: 02/27/2024 12:40 PM |
| 04/03/2024 | **Proof - Service**<br>Created: 04/04/2024 11:41 AM |

---

### FINANCIAL INFORMATION

| | |
|---|---|
| **Plaintiff** Mobilitas | |
| Total Financial Assessment | 884.00 |
| Total Payments and Credits | 884.00 |
| **Balance Due as of 04/24/2024** | **0.00** |

| | | | | |
|---|---|---|---|---|
| 02/27/2024 | Transaction Assessment | | | 884.00 |
| 02/27/2024 | xWeb Accessed eFile | Receipt # 2024-124125 | Mobilitas | (884.00) |

2/27/2024 9:43 AM
24CV09906

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| MOBILITAS as subrogee of Anderanik Manouki, and MOBILITAS as subrogee of Daniel Cortez,<br><br>   Plaintiffs,<br><br> vs.<br><br>CITY OF PORTLAND,<br><br>   Defendants. | Case No.<br><br>**COMPLAINT**<br><br>**PRAYER AMOUNT: $1,000,000**<br><br>**NOT SUBJECT TO MANDATORY ARBITRATION**<br><br>**FILLING FEE: $884.00**<br>**ORS 21.160 (1)(d)**<br><br>**JURY TRIAL DEMANDED** |

### THE PARTIES

1.

At all times material herein, Plaintiff Mobilitas Insurance Company ("Plaintiff") is a corporation located at 5353 West Bell Road, Glendale, Arizona 85308.

2.

At all times material herein, the City of Portland was and is a municipal corporation located in Multnomah County, and chartered by and subject to the laws of the State of Oregon. At all material times, South East Powell Blvd. and 62nd Avenue were local, publicly accessible roads in the control, operation, and maintenance of the City of Portland.

COMPLAINT - 1

**P.K. SCHRIEFFER LLP**
2175 NW Raleigh Street, Suite 110
Portland, OR 97210
(626) 373-2444

**P.K. SCHRIEFFER LLP**
2005 SE 192nd Avenue, Suite 200
Camas, WA 98607
(626) 373-2444

Exhibit 2
Page 1 of 11

3.

At all times material herein Anderanik Manouki was a resident of Happy Valley, Oregon.

4.

At all times material herein, Daniel Cortez was a resident of Portland, Oregon.

**OREGON TORT CLAIMS ACT**

5.

Plaintiff has given the City of Portland timely notice under Oregon Tort Claims Act ("OTCA"). ORS 30.260(8), 30.275(1). A tort claim notice was provided to the City of Portland, which was acknowledged on June 17, 2022.

6.

Under the OTCA, the City of Portland is liable for up to $1,565,100.00 as a local public body for personal injury and death, for multiple claimants, for losses that occur on or after July 1, 2021, and before July 1, 2022.

**THE FACTS**

7.

On or about May 14, 2022, Gabriel Almasan was operating a 2008 Yamaha motorcycle eastbound on South East Powell Boulevard in Portland, Oregon. At the same time, Anderanik Manouki was operating his Ford Fusion, during a Lyft ride, North Bound on South East 62nd Avenue, in Portland, Oregon.

8.

As Mr. Manouki continued northbound on South East 62nd Avenue, crossing South East Powell Boulevard, Mr. Almasan crashed his motorcycle into the driver's side of Mr. Manouki's vehicle. At the time of the collision, Mr. Manouki had a passenger in his vehicle, Daniel Cortez.

9.

As a result of the collision, Mr. Manouki was extracted from his vehicle using the jaws of life. He suffered a fractured pelvis, left tibia fracture, lumbar fracture, kidney failure, left pelvic embolism, thrombosis and lacerated urethra.

///

COMPLAINT - 2

**P.K. SCHRIEFFER LLP**
2175 NW Raleigh Street, Suite 110
Portland, OR 97210
(626) 373-2444

**P.K. SCHRIEFFER LLP**
2005 SE 192nd Avenue, Suite 200
Camas, WA 98607
(626) 373-2444

**Exhibit 2**
**Page 2 of 11**

10.

The homeless encampment located on South East 62nd Avenue obstructed Mr. Manouki's view of oncoming traffic. The location of the accident is considered a High Crash Network, according to the City of Portland, which is comprised of the 30 streets and intersections with the most serious crashes – representing 8% of Portland streets and accounts for 62% of traffic deaths in the City of Portland.

11.

On February 4, 2022, Mayor Ted Wheeler instituted an Emergency Declaration to Address Campsites in Dangerous Sites Located in High Crash Transportation Corridors. This declaration recognized:

- *"people experiencing houselessness live in tents, make-shift structures, vehicles and place their encampment near high crash corridors, including state freeways and highways"*
- *"it is inherently dangerous for people to camp along high crash corridors because many sites do not offer safe pedestrian crossings across what are often higher-speed traffic"*

12.

Mr. Wheeler's declaration further stated:

1. State of Emergency.  A State of Emergency exists throughout the entire City of Portland under Portland City Code Section 15.04 to decrease human suffering and prevent loss of life and injury to people.

2. Inherently Dangerous Camping Locations.  Effective immediately and for the duration of this State of Emergency, no camping of any kind is allowed within a dangerous proximity, as determined by IRP, of any state or federal highway in Portland or any "High Crash Network Streets and Intersections," noted on Page 6 of the 2021 Vision Zero Traffic Crash Report. Encampments located at these locations shall be prioritized by IRP for immediate campsite removal.

///

///

COMPLAINT - 3

**P.K. SCHRIEFFER LLP**
2175 NW Raleigh Street, Suite 110
Portland, OR 97210
(626) 373-2444

**P.K. SCHRIEFFER LLP**
2005 SE 192nd Avenue, Suite 200
Camas, WA  98607
(626) 373-2444

Exhibit 2
Page 3 of 11

13.

A true and correct copy of the Emergency Declaration to Address Campsites in Dangerous Sites Located in High Crash Transportation Corridors is attached to the complaint as **Exhibit A.**

14.

The City of Portland's failure to take adequate measures to remedy homeless camping in a recognized high crash corridor and for the City to allow the greenery to also block the view for drivers entering the intersection of SE Powell from SE 62nd Ave created an unreasonable risk of harm and propounded the risks associated with the dangerous location.

15.

Residents who reside in the neighborhood next to the accident location find the tents associated with the homeless camp West of SE 62nd Ave on the South side of Powell created extremely low visibility of Eastbound traffic. The visibility is so bad, that most residents will drive a few extra blocks to use the traffic light because they realize the extreme danger of entering SE Powell Blvd from SE 62nd Ave. Thus, the public is fully aware of the risks associated with the aforementioned intersection.

**POLICY TERMS**

16.

<u>Mobilitas Insurance Company UIM Provisions</u>

The operative policy afforded by Plaintiff with endorsements, bearing number ORMP030000002, with effective dates of October 1, 2021, to October 1, 2022, has one single UM/UIM limit of $1 million ("the Policy"). The Policy was in place prior to May 14, 2022.

17.

Regarding UIM claims the Policy provides:

> \*\*\*
>
> *4. Transfer of Rights of Recovery Against Others to Us*
> *If we make any payment and the "insured" recover from another party the "insured" shall hold the proceeds in trust for us and pay us back the amount we have paid.*
> \*\*\*

COMPLAINT - 4

**P.K. SCHRIEFFER LLP**
2175 NW Raleigh Street, Suite 110
Portland, OR 97210
(626) 373-2444

**P.K. SCHRIEFFER LLP**
2005 SE 192nd Avenue, Suite 200
Camas, WA  98607
(626) 373-2444

Exhibit 2
Page 4 of 11

18.

With respect to the limitation of time for a UIM claimant, the policy, consistent with ORS 742.504(12)(a) provides:

> *Legal Action Against Us*
>
> a. No one may bring a legal action against us under this Coverage Form unless there has been full compliance with all terms of this Coverage Form.
>
> b. No cause of action shall accrue to an "insured" under this coverage unless within two years from the date of the "accident":
>
> (1) Agreement as to amount due under this Coverage Form has been concluded;
>
> (2) We or the "insured" has formally instituted arbitration proceedings;
>
> (3) The "insured" has filed an action against us; or
>
> (4) An action for "bodily injury" has been filed against the uninsured motorist and within two years from the "date of settlement" or "final judgment" against the underinsured motorist, the "insured" has:
>
> (a) Formally instituted arbitration proceedings against us; or
>
> (b) Filed an action against us.
>
> \*\*\*

**PLAINTIFF'S FIRST CLAIM FOR RELIEF**

**(Against Defendant City of Portland)**

**COUNT ONE**

**(Negligence)**

19.

Mr. Manouki and Mr. Cortez are insureds under the UIM Policy.

20.

As Mr. Manouki and Mr. Cortez's subrogees, Plaintiff steps into their shoes. The Defendant City of Portland, and/or its employees or agents acting within the course and scope of their employment or agency had a duty to design, maintain, inspect and control the intersection of South East Powell Blvd. and 62nd Avenue. Such a duty would incorporate the City's obligation to ensure the

COMPLAINT - 5

**P.K. SCHRIEFFER LLP**
2175 NW Raleigh Street, Suite 110
Portland, OR 97210
(626) 373-2444

**P.K. SCHRIEFFER LLP**
2005 SE 192nd Avenue, Suite 200
Camas, WA 98607
(626) 373-2444

**Exhibit 2
Page 5 of 11**

1  unobstructed view of oncoming traffic through the removal of homeless encampments and/or
2  overgrown vegetation.

3                                                   21.

4       The City of Portland having actual notice of the dangerous conditions of the intersection of
5  South East Powell Blvd. and 62nd Avenue, as it is considered a High Crash Network by the City,
6  would have a duty to remove the aforementioned dangerous conditions.

7                                                   22.

8       The City of Portland breached its duty by knowingly ignoring the presence of the dangerous
9  conditions and failing to remove said conditions. As a result of the City's failure, the intersection has
10 remained a High Crash Network and led to the accident at issue. The City's failure to properly
11 remedy and remove the homeless encampments and overgrown vegetation has made the intersection
12 of South East Powell Blvd. and 62nd Avenue unreasonably safe for the public. As such, the City of
13 Portland has failed to exercise reasonable care in the maintenance, inspection, and control of the
14 intersection of South East Powell Blvd. and 62nd Avenue.

15                                                  23.

16      The City of Portland knew or in the exercise of reasonable care should have known that each
17 of the above acts and omissions made the intersection unreasonably dangerous for the traveling
18 public and parties hereto.

19                                                  24.

20      The negligence of Defendant City of Portland was a substantial factor in causing the collision
21 and damages described herein.

## DAMAGES

                                                    25.

     As a result of the City's breach of duty, Manouki and Cortez suffered combined damages
which total more than $1,000,000.00 as a result of the City of Portland's negligence.

                                                    26.

     Mobilitas has tendered its $1,000,000.00 UIM limit under the Policy.

COMPLAINT - 6

**P.K. SCHRIEFFER LLP**
2175 NW Raleigh Street, Suite 110
Portland, OR 97210
(626) 373-2444

**P.K. SCHRIEFFER LLP**
2005 SE 192nd Avenue, Suite 200
Camas, WA 98607
(626) 373-2444

Exhibit 2
Page 6 of 11

27.

Mobilitas has incurred responsibility for payments in benefits of $1,000,000.00 under the UIM portions of the Policy as a result of the City of Portland's negligence.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiff prays for judgment as follows:

1. A judgment and monetary award in favor of Plaintiff against Defendant in the amount of $1,000,000 and pre-judgment interest;
2. An award of Plaintiff's costs and disbursements; and
3. Any other relief as the court may deem proper and just.

Dated: February 20, 2024

By: _____
Christina A. Ho, OSB No. 132138
E-mail: cah@pksllp.com
*Attorneys for Plaintiff Mobilitas as subrogee of Anderanik Manouki, and Mobilitas as subrogee of Daniel Cortez*

COMPLAINT - 7

**P.K. SCHRIEFFER LLP**
2175 NW Raleigh Street, Suite 110
Portland, OR 97210
(626) 373-2444

**P.K. SCHRIEFFER LLP**
2005 SE 192nd Avenue, Suite 200
Camas, WA 98607
(626) 373-2444

Exhibit 2
Page 7 of 11

# EXHIBIT A

**Exhibit 2**
**Page 8 of 11**



**OFFICE OF MAYOR
TED WHEELER**

# City of Portland

| | | |
|---|---|---|
| IN THE MATTER OF THE | ) | Emergency Declaration to |
| LOCAL EMERGENCY | ) | Address Campsites |
| WITHIN THE CITY OF PORTLAND | ) | in Dangerous Sites Located in |
| DECLARED ON FEBRUARY 4, 2022 | ) | High Crash Transportation Corridors |

**WHEREAS,** 70 percent (19 out of 27) of pedestrian traffic deaths in 2021 were of houseless individuals, according to the 2021 Vision Zero Traffic Crash Report (https://www.portland.gov/sites/default/files/2022/traffic-crash-report-2021.pdf); and

**WHEREAS,** some people experiencing houselessness live in tents, make-shift structures, vehicles and place their encampment near high crash corridors, including state freeways and highways; and

**WHEREAS,** it is inherently dangerous for people to camp along high crash corridors because many sites do not offer safe pedestrian crossings across what are often higher-speed traffic; and,

**WHEREAS,** it is inherently dangerous for people to camp along high crash corridors because many sites do not have a safety buffer around them, leaving it possible at some sites for a vehicle to crash into a campsite; and

**WHEREAS,** according to the 2019 Point in Time Count, 2,037 people were unsheltered and living outside, and it is likely that the economic constraints of the pandemic have exacerbated the crisis; and

**WHEREAS,** the City relies on the Impact Reduction Program (IRP) and other city bureaus to help coordinate interventions for encampments on City owned properties,

Exhibit 2
Page 9 of 11

rights-of-way within the City of Portland, and state freeways through an Intergovernmental Agreement with the Oregon Department of Transportation (ODOT); and

**WHEREAS,** under Ordinance 190478, the Office of Management and Finance, through its IRP, has authority to prioritize and undertake cleanup of unauthorized camping at City owned and other governmental properties; and

**WHEREAS**, federal and state rules prohibit camping of any kind on freeways (23 CFR 1.23); in Portland, the federal and state system includes Hwy 26, I-84, I-205, I-405 and I-5; and

**WHEREAS**, to offer a safer alternative to camping in dangerous, high crash transportation corridors, and to help prevent the need for campers to set up other unsanctioned camps in new locations, with support of Multnomah County, the Joint Office of Homeless Services (JOHS), as COVID-related shelter occupancy restrictions are lifted, has agreed to work with service providers to set aside up to 100 shelter beds per day; and

**THEREFORE**, pursuant to my authority under the Portland City Charter, City Code, and any other applicable law, I hereby Order as follows:

1. **State of Emergency.** A State of Emergency exists throughout the entire City of Portland under Portland City Code Section 15.04 to decrease human suffering and prevent loss of life and injury to people.

2. **Inherently Dangerous Camping Locations.** Effective immediately and for the duration of this State of Emergency, no camping of any kind is allowed within a dangerous proximity, as determined by IRP, of any state or federal highway in Portland or any "High Crash Network Streets and Intersections," noted on Page 6 of the 2021 Vision Zero Traffic Crash Report. Encampments located at these locations shall be prioritized by IRP for immediate campsite removal.

3. **Notice**. When notifying individuals that they must vacate the campsite, IRP will continue to follow City and State notification and removal protocols, and IRP will endeavor to offer persons impacted by a campsite removal information on available shelter options.

4. **Mayor's Designee**. IRP will consult with the Mayor's designee on alternative shelter, supportive housing and housing referral options. The Mayoral designee may direct potential relocation to other City sites that offer safer temporary sheltering locations.

5. **Other Provisions.**

Exhibit 2
Page 10 of 11

a. In addition to any other power that may lawfully be exercised by local government, the powers listed in PCC 15.08.020.B are vested in the Mayor.

b. For the duration of this emergency, unless otherwise specified by the Mayor, the current bureau assignments to the members of the City Council shall remain in effect as delegated authority under PCC 15.08.020.A.

c. This State of Emergency shall remain in effect through 5:00 p.m. on February 18, 2022, unless otherwise extended, modified, or terminated.

6. **Severability:** If any provision of the Declaration of Emergency, or any Emergency Orders, directives, commands, or other orders issued under the authority of the Declaration, or their application to any person or circumstance is held to be invalid, then the remainder of the duly exercised authority, including the application of such part or provision to other persons or circumstances, shall not be affected and shall continue in full force and effect. To this end, the provisions of the Declaration of Emergency, or any Emergency Orders, directives, commands, or other orders issued under the authority of the Declaration, are severable.

**IT IS SO ORDERED:**

Dated this 4th day of February, 2022
**City of Portland, Oregon**

By: _____

Ted Wheeler, Mayor

**APPROVED AS TO FORM:**
Robert Taylor, City Attorney
For Portland, Oregon

Exhibit 2
Page 11 of 11

2/27/2024 10:04 AM
24CV09906

RECEIVED
MAR 2 8 2024
Office of the City Attorney

## IN THE CIRCUIT COURT OF THE STATE OF OREGON
## FOR THE COUNTY OF MULTNOMAH

MOBILITAS as subrogee of Anderanik Manouki, and MOBILITAS as subrogee of Daniel Cortez

Plaintiffs,

vs.

CITY OF PORTLAND,

Defendants.

Case No.: 24CV09906

SUMMONS

To: **CITY OF PORTLAND**

You are hereby required to appear and defend the Complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, Plaintiff(s) will apply to the court for the relief demanded in the Complaint.

NOTICE TO DEFENDANT: READ THESE PAPERS CAREFULLY!

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal document called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the Plaintiff's attorney or, if the Plaintiff does not have an attorney, proof of service on the Plaintiff.

If you have questions, you should see an attorney immediately. If you need help in finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service online at www.oregonstatebar.org or by calling (503) 684-3763 (in the Portland metropolitan area) or toll-free elsewhere in Oregon at (800) 452-7636.

/s/ Christina A. Ho
Christina A. Ho, OSB No. 132138
Of Attorneys for Plaintiff
2005 SE 192nd Avenue, Suite 200
Camas, WA 98607
Telephone: (626) 373-2444
Email: cah@pksllp.com

STATE OF OREGON, County of Multnomah) ss.

I, the undersigned attorney of record for the Plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above-entitled action.

_____
Of Attorneys for Plaintiff

**TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS:** You are hereby directed to serve a true copy of this summons, together with a true copy of the Complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

_____
Of Attorneys for Plaintiff

SUMMONS

Exhibit 3
Page 1 of 1

Christina A. Ho
P.K. SCHRIEFFER LLP
100 N. Barranca Street, Ste. 1100
West Covina, CA 91791

4/3/2024 5:00 PM
24CV09906

## CERTIFICATE OF SERVICE

**State of Oregon**                    County of MULTNOMAH

Case Number: 24CV09906

Plaintiff: MOBILITAS
     vs.
Defendant: CITY OF PORTLAND

Received SUMMONS; COMPLAINT by Apex Legal Services to be served on the Defendant:
**CITY OF PORTLAND**  at 1221 SW Fourth Avenue – Room 430, Portland, OR  97204.

I Mitchell Clark, being duly sworn, deposes and say that on **3/28/2024** at **12:58 PM**, I:

☑ Service on Registered Agent:
Executed personal service upon the above named defendant by delivering a true copy of the Summons and Complaint (and any other item) to **Ed Becerril - Administrative Assistant/Authorized to Accept**, a clerk on duty in the office of Portland Office of The City Attorney, the above named Defendant's Registered Agent.

☐ Service on LLC, LP, or Corporation:
Executed service upon the above defendant by delivering a true copy of the above listed documents to _____, the person apparently in charge of the office of Defendant located at the above listed address.  I instructed the person that I served to deliver the above listed documents to _____, an officer of the above-named defendant.

☐ Follow up Mailing:
On the ____ day of _____, 20___ I sent via certified / first class mail a true copy of the above listed documents, and a notice of whom I personally served, and where and when I served them, to the above-listed address, addressed to the attention of the above-listed defendant.

☐ Service by Mail:
Executed Service by Mail upon the above named Defendant by mailing, by both first class and certified mail, return receipt requested, copies of the above listed documents to the above-listed address to the attention of the above-named Defendant.  I have attached the certified mailing return receipt, signed by the Defendant, to this affidavit.

I hereby declare under penalty of perjury under the laws of the state of Oregon that the foregoing is true and correct.

COMMENTS:

PHYSICAL DESCRIPTION: Sex: Male Race: Hipanic Age: 40 Eyes: - Height: 5.9 Weight: 200 Hair: Black

I am a competent person 18 years of age or older and a resident of the state of Oregon or the State of service.  I am not a party to nor an officer, director, or employee of, nor attorney for any party, corporate or otherwise.  I know the party served is the identical one named in this action.

Mitchell Clark
Order Number: 44382
Client Reference: mob 106

*.44382

__March 29, 2024__                                      x _____

Apex Legal Services ● 611 Wilshire Boulevard, Ste 700 ● Los Angeles, CA 90017 ● (213) 488-1500        Orprf411

**Exhibit 4
Page 1 of 1**